IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| APPRENTICE J. DESHAZER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 20-3093-JWL |
| ) | |
| SHANNON MEYER, Warden, ) | |
| Lansing Correctional Facility, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Apprentice Deshazer's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. # 1). For the reasons set forth below, the Court **denies** the petition.

### I.  **Background**

In 2012, after a jury trial in the District Court of Sedgwick County, Kansas, petitioner was convicted of three counts of attempted first-degree murder; one count of attempted second-degree murder; two counts of aggravated battery; one count of aggravated assault; one count of criminal discharge of a firearm; and one count of criminal possession of a firearm. The charges arose from an incident outside of a nightclub in which many shots were fired into a vehicle with four occupants, three of whom were struck. The State's case against petitioner included evidence of the following: petitioner was a

passenger in a different vehicle attempting to flee the parking lot after the shooting; a gun that was matched to some of the bullets fired at the victim's car was found on the seat on which petitioner had been sitting, and petitioner's DNA was found on that gun; another gun matched to the shooting was found in petitioner's vehicle, and that gun had blood from the driver of that vehicle on it; petitioner's driver was identified as the person who had previously argued with the driver of the victims' car as it was attempting to leave the lot; and after his arrest petitioner admitted to a fellow inmate at the jail that he had been involved in the shooting, which according to petitioner was done in retaliation for the killing of a gang member by a rival gang. Petitioner was sentenced to a term of imprisonment of 620 months. The Kansas Court of Appeals (KCOA) affirmed the judgment against petitioner on direct appeal, and the Kansas Supreme Court denied review. *See State v. Deshazer*, 2015 WL 5311440 (Kan. Ct. App. Sept. 4, 2015) (unpub. op.), *rev. denied* (Kan. June 21, 2016).

In 2017, petitioner filed a *pro se* habeas motion in the state district court pursuant to K.S.A. § 60-1507, but the court denied the motion without holding an evidentiary hearing. Petitioner, through counsel, appealed, but the KCOA affirmed the district court's denial in a 2019 opinion, and the Kansas Supreme Court again denied review. *See Deshazer v. State*, 2019 WL 2063637 (Kan. Ct. App. May 10, 2019) (unpub. op.), *rev. denied* (Kan. Dec. 31, 2019).

On March 26, 2020, petitioner filed the instant *pro se* petition in this Court. After extensions of time that were granted to each side, the State filed a response and petitioner filed a reply brief, and the matter is now ripe for ruling.[1]

## II.   Governing Standards

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides for consideration of a prisoner's writ of habeas corpus on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). The petitioner must exhaust state court remedies. *See id.* § 2254(b), (c). Relief shall not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See id.* § 2254(d). The standard is very strict, as explained by the Tenth Circuit:

> The [state court] rejected this claim on the merits. Our review is therefore governed by the AEDPA, which erects a formidable barrier to federal habeas relief and requires federal courts to give significant deference to state court decisions on the merits.
>
> . . .
>
> Clearly established law is determined by the United States Supreme Court, and refers to the Court's holdings, as opposed to the dicta. A state

---

[1] This case was reassigned to the undersigned judge on October 19, 2021.

3

> court decision is "contrary to" the Supreme Court's clearly established precedent if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.
>
> A state court decision is an "unreasonable application" of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule – like the one adopted in *Strickland* – the more leeway state courts have in reaching outcomes in case-by-case determinations. An *unreasonable* application of federal law is therefore different from an *incorrect* application of federal law.
>
> We may issue the writ only when the petitioner shows there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with the Supreme Court's precedents. Thus, even a strong case for relief does not mean the state court's contrary conclusion was unreasonable. If this standard is difficult to meet – and it is – that is because it was meant to be. Indeed, AEDPA stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. Accordingly, we will not likely conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy.

*See Frost v. Pryor*, 749 F.3d 1212, 1222-24 (10th Cir. 2014) (emphasis in original) (internal quotations and citations and footnote omitted).

In this case, the petition includes claims that petitioner's representation by his trial counsel was constitutionally deficient. Petitioner's claims of ineffective assistance of counsel are governed by the deferential two-pronged standard set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under that standard, "[t]o establish ineffective assistance of counsel, [a] [d]efendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance." *See United States v. Moya*, 676 F.3d 1211, 1213

(10th Cir. 2012) (quoting *Strickland*, 466 U.S. at 687-88, 692).  The test for establishing prejudice is as follows:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*See Strickland*, 466 U.S. at 694.

> Surmounting *Strickland*'s high bar is never an easy task.  An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve.  Even under *de novo* review, the standard for judging counsel's representation is a most deferential one.  Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge.  It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence.  The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom.

*See Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal quotations and citations omitted).

The Court's review under the AEDPA of a state court's application of *Strickland* is even more deferential:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult.  The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.  The *Strickland* standard is a general one, so the range of reasonable applications is substantial.  Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question

5

is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*See id.* (internal quotations and citations omitted).

As noted above, a habeas petitioner must first exhaust state court remedies. *See* 28 U.S.C. § 2254(b), (c). In the Kansas courts, an issue not raised on appeal is deemed abandoned. *See State v. Edwards*, 260 Kan. 95, 98 (1996). If a state prisoner has failed to exhaust or has procedurally defaulted a claim by failing to raise it in the state courts, the claim may be raised in the federal habeas court only if the prisoner can demonstrate cause for the failure and actual prejudice from the constitutional violation; or that the prisoner is actually innocent, meaning that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted the prisoner. *See Bousley v. United States*, 523 U.S. 614, 622-23 (1998).

**III.    Analysis**

Petitioner has asserted four claims in his petition. He has stated those claims only conclusorily, however, with minimal supporting argument. His reply brief also contains very little in the way of argument. The Court concludes that petitioner has not demonstrated that he is entitled to relief on any of his claims, and it therefore denies the petition in its entirety.

        *A.    Fifth Amendment Violation in Police Interview*

In his first claim, petitioner asserts a Fifth Amendment violation based on his allegation that police did not terminate an interview with him after he stated that he was

6

finished answering questions. Petitioner failed to exhaust his state court remedies with respect to this claim, however, which this Court must therefore deny.

Petitioner made the same claim in his state court habeas motion, but that court denied the claim because petitioner had failed to raise the issue on direct appeal as required. Petitioner did not challenge that ruling on appeal to the KCOA in his habeas case. Thus, petitioner abandoned the issue, and therefore he has not satisfied the exhaustion requirement.

In his reply brief, petitioner argues that he should not be punished for the failure of his counsel to raise this issue on appeal, although it is not clear which appeal he is referencing. Blaming his appellate counsel in the Section 60-1507 case would not help him here – as the Supreme Court has made clear, attorney error cannot constitute sufficient cause for a failure to exhaust unless that error rises to the level of a *Strickland* violation, and there can be no such violation in a state postconviction proceeding because the petitioner has no constitutional right to counsel at that stage. *See Coleman v. Thompson*, 501 U.S. 722, 752-53 (1991).

The failure of an attorney to raise an issue on direct appeal could violate *Strickland*, but petitioner has not shown that his failure to exhaust should be excused because of such a failure here. Neither in his state habeas motion nor in his submissions to this Court has petitioner identified particular statements from his police interview that should not have been admitted at trial, or noted whether contemporaneous objections were made to the admission of such evidence at trial, or explained how exclusion of such evidence would

have affected the outcome of the trial.² The Court cannot simply assume the necessary prejudice here from petitioner's conclusory claim that his Fifth Amendment rights were violated. Thus, petitioner has failed to show the necessary cause and prejudice to excuse his failure to exhaust with respect to this claim.

Nor may petitioner rely on the actual-innocence exception to the exhaustion requirement. In light of the State's evidence cited above, the Court cannot conclude that no reasonable jury could have convicted petitioner. Accordingly, the Court denies petitioner's claim of a Fifth Amendment violation.

### B.   *Ineffective Assistance of Counsel*

Second, petitioner claims ineffective assistance of trial counsel. Petitioner cites two bases for this claim: counsel's failure to investigate "key" witnesses, including a failure to impeach the State's jailhouse informant witness; and counsel's conflict of interest arising from petitioner's failed attempt to fire him and obtain substitute counsel.

The Court first addresses the conflict claim. In petitioner's Section 60-1507 case, the state district court denied this same claim, but petitioner failed to appeal that denial to the KCOA, which noted that any of the 13 issues from petitioner's district court motion that had not been raised specifically on appeal had been waived. *See Deshazer*, 2019 WL 2063637, at *4. Therefore, petitioner has failed to exhaust his state court remedies with respect to this claim, and no federal review is permitted. In his reply brief, petitioner did

---

² After citing petitioner's failure to raise the issue on direct appeal, the state district court also noted that petitioner's statements in the interview did not appear to be vital to the State's case, as the State did not rely on such statements in its closing argument.

not offer any basis for excusing such a failure, even after the State cited that failure in its response, and as discussed above, counsel's failure to raise the issue on appeal in a postconviction proceeding cannot constitute the necessary cause.

Moreover, petitioner has not established the merits of this claim. Petitioner has not cited any authority suggesting that a conflict may arise solely based on speculation about wounded feelings after a failed attempt to replace the attorney, and the state district court's ruling to that effect was not unreasonable. Accordingly, the Court denies petitioner's claim based on an alleged conflict of interest.

Petitioner's ineffective-assistance claim based on a failure to investigate or impeach certain witnesses was rejected by the state district court and by the KCOA. *See Deshazer*, 2019 WL 2063637, at \*5-8. Those courts applied the *Strickland* standard, *see id.* at \*5, and petitioner has not argued that a different standard should have been used. Applying the doubly deferential standard that governs its review, this Court concludes that the KCOA's application of the *Strickland* standard was not unreasonable. The KCOA addressed this claim as it related to seven different witnesses identified by petitioner, and it reasonably concluded that petitioner had failed to show the necessary prejudice from any failure to investigate or secure testimony from those witnesses. As the KCOA noted, (a) much of the new witnesses' testimony would have been cumulative of testimony by six other witnesses who testified at trial that petitioner had not been fighting in the nightclub and that petitioner was not involved in the shooting, which evidence the jury apparently rejected in convicting petitioner; (b) the proffered testimony did not mitigate the State's evidence that petitioner was apprehended trying to flee the scene of the shooting while

9

sitting on a gun containing his DNA that had been used in the shooting; (c) some potential witnesses' testimony that the victims had been firing shots was flatly contradicted by forensic evidence that the bullets had been fired from outside the car; and (d) although petitioner claimed that some witnesses would testify that he had been with them on that evening, he did not provide any details to support such an alibi defense. *See id.* at *6-8. Before this Court, petitioner has not addressed the KCOA's thorough discussion of this claim, nor has he shown specifically how he suffered prejudice from the failure to secure any particular testimony. Indeed, in his petition and reply in this case, petitioner has not even identified any "key" witnesses other than the jailhouse informant.

In rejecting this claim as it relates to the informant, the KCOA noted that trial counsel did attempt to impeach that witness at trial, and it ruled that contradictory evidence on one detail from that testimony would not have changed the outcome in light of the informant's knowledge of details that could only have come from a participant in the shooting and the corroboration of other evidence. *See id.* at *7-8. That conclusion too was reasonable. Accordingly, the Court denies petitioner's claim of ineffective assistance of counsel.

### C.     *Lack of Evidentiary Hearing on Postconviction Claims*

Third, petitioner claims that the state district court erred by denying his postconviction claims without an evidentiary hearing. No federal review is permitted under Section 2254, however, of a claim based on a state's postconviction process. *See Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998).

In his reply brief, petitioner did identify a federal constitutional issue here, as he argued that due process guaranteed him the right to be heard. Again, however, there is no constitutional right to any state postconviction review. *See id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)). In addition, petitioner did not exhaust with respect to any due process claim because he failed to raise this issue on appeal to the KCOA (he argued only state law in addressing the lack of an evidentiary hearing).[3] Accordingly, the Court denies this claim.

### D.　*Hearsay Testimony*

Fourth, petitioner claims that the trial court erred in admitting statements from a witness's cousin in violation of the hearsay rule. The Court denies this claim. Although the State raised the issue in its response, petitioner nevertheless failed to identify an issue of federal law for this Court's review with respect to this claim. On this issue of state law, the Court must defer to the KCOA, which ruled on direct appeal that any statements by the cousin – to the extent that any such statements actually came into evidence, which was not clear – did not constitute hearsay under Kansas law because the statements were not offered

---

[3] Moreover, petitioner has not shown that he was denied the opportunity to be heard on his ineffective-assistance claims in the Section 60-1507 proceeding – he had the opportunity to brief the claims to the district court, and he had the opportunity to appeal the district court's denial and to brief the issues to the KCOA, which provided a *de novo* review. *See Deshazer*, 2019 WL 2063637, at *9.

11

for the truth of the matter asserted.  *See Deshazer*, 2015 WL 5311440, at *6-8.[4]  The Court thus denies the petition in its entirety.

### IV. <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.[5] "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).  Because it is clear that petitioner is not entitled to relief on his habeas petition, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for relief pursuant to 28 U.S.C. § 2254 is hereby **denied**.

---

[4] Even if some federal constitutional issue could have been implicated here (such as a violation of the Confrontation Clause), petitioner failed to exhaust with respect to any such federal issue by raising it with the KCOA.

[5] The denial of a Section 2254 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability.  *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

IT IS SO ORDERED.

Dated this 19th day of November, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge